In the UNITED STATES COURT of the DISTRICT of COLUMBIA

Munir Abdulkader Pro Se Plaintiff;

v.

DONALD TRUMP
Chief Executive Officer of the United States
Office of the President;

WILLIAM BARR
United States Attorney General
Department of Justice;

SUSAN B. GERSON
Assistant Director
Office of the United States Attorneys;

JOHN DOE
Associate Director
Office of Information Policy;

DAVID L. HARLOW
Deputy Director
United States Marshal Service;

WILLIAM E. BORDLEY
Associate General Counsel
United States Marshal Service, and;

JOHN DOE
Director of the Bureau of Prisons
Department of Justice; Defendants.

Case: 1:19-cv-02199
Assigned To : Unassigned
Assign. Date : 7/18/2019
Description: FOIA/Privacy Act (I-DECK)

he Clerk of Courts)

"Rebellion to tyranny is obedience to God."
- Benjamin Franklin

COMPLAINT PURSUANT to the [Freedom of Information Act, Title 5 USC sections 552, 552(a)(4)(B), 552(a)(6)(C)(i)] and [Presidential Memorandum 74 Fed. Reg. 4683]

I. PREAMBLE

The United States of America is a nation of constitutional rights functioning in the form of civil liberties and the laws necessary to uphold them. The daily operations, legitimacy, and even very existence of this nation are based upon the constitution. The lives of its' citizens are intertwined with its' application. Every governmental or civil action must be in accordance, first and foremost, with the entirety of the constitution and all of the civil liberties guaranteed within.

II. JURISDICTION and VENUE

2. NOW COMES Munir Abdulkader, acting in proper person as the plaintiff herein, currently being held unlawfully and unconstitutionally within a Bureau of Prisons facility. The plaintiff expressly requests a total waiver of court fees in this matter due, in pertinent part, that he is actually innocent and is being denied access to records and information requested. That information requested has not been authentically declared legally exempt from disclosure by law. He brings this suit pursuant to [Title 5 USC section 552(a)(4)(B) and 552(a)(6)(C)(i)] and the [Presidential Executive Order/Memorandum 74 Fed. Reg. 4683



RECEIVED
Mail Room

JUL 18 2019

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

signed on January 21, 2009]. All of the defendants are employed within the jurisdiction of this court and have mailing addresses in Washington, the District of Columbia. Therefore, this suit is properly brought in the United States District Court for the District of Columbia.

III . PLAINTIFF

3. The plaintiff was, at all relevant times, prosecuted in the United States.

IV . DEFENDANTS

4. The aforementioned defendants are legally responsible for withholding documents necessary for any criminal defense.

V . RELIEF REQUESTED

5. The plaintiff seeks the declaratory and injunctive relief authorized by the constitution pursuant to [Federal Rule of Civil Procedure 65].

6. The plaintiff requests that this judiciary look at the specific acts challenged, not the judicial proceedings preceding them.

7. Plaintiff requests disclosure and/or receipt, without charge, of:

a) Certified copy of his plea agreement;

b) Affidavit of criminal complaint;

c) Information filed by the government;

d) Arrest warrant or summons;

e) Letter of Certificate of concurrence;

f) Affidavit of Complaint of Probable Cause Hearing;

g) Grand Jury transcripts, ballot, or record for inspection, and;

h) All indictments, duly endorsed by their foreperson and the United States Attorney, or colloquy of defendant being advised of his right to a true-bill indictment and waiving it.

8. Plaintiff requests that he is granted assertion of his constitutional rights so as to pursue justice and stop the defendants from maintaining control of the requested documents - if they do exist.

9. A review of this matter to determine the truth as to whether the documents requested actually exist or not and to determine the authenticity of any documents that are disclosed - as great reason exists to believe that they may be forged or fabricated.

VI . STATEMENT of FACTS and INJUSTICE ARGUMENT

10. The plaintiff reiterates his specific request for full disclosure of information from the government. His efforts to utilize the Freedom of Information Act appear to have been either refused, neglected, hidden, or ignored by the government. Plaintiff requested the documents twice (from the clerk of courts then FOIA), then filed a "Motion for Disclosure" in his criminal case (Criminal No. 1:16-CR-0017-MRB-1) to no avail, or even response. Despite these requests, the plaintiff was never accorded the right to inspect the documents. All of the requested records, documents, data, negotiable instruments, files, answers, response that would demonstrate whether or not the plaintiff is held lawfully were never presented upon request, said to be nonexistent, or even commented upon. Upon inspecting the court's docket, it does not seem that some or any of the hearings required to present these materials ever occurred. Plaintiff argues that he is held unconstitutionally and unlawfully.

11. Movant contends that the defendants acted to disguise that the court and its' officers acted in a clear absence of subject-matter jurisdiction and judicial power [USCS Const. Article III, 2 CL.2]. They exercised power in a manner that is forbidden by Article III and that conduct has been hidden by the defendants' refusal to disclose these documents pursuant to FOIA. The clause of Article III stipulates that judicial power is only extended to cases in law and equity, arising under the constitution, the laws of the United States, and any treaties made under their authority. The Supreme Court emphasized that jurisdiction in Federal Courts is governed by [28 United States Code section 1251] and that it is, essentially, the authority conferred by Congress to the courts to decide a particular kind of legal question, or case, in one manner or the other [Hogans v. Lavine, 415 US 528, 538 94 S. Ct. 137 2 39 L. Ed. 2 d 577 (1974)].

12. The defendants have hidden a violation of the laws most wholesome and necessary for public good. They hid the prosecution's, judge's, and involved parties' failure to assent to the Fifth Amendment's clause which states that, "[n]o person shall be held to answer for a capital or infamous crime unless on presentment of indictment by a grand jury of his peers." No court of this land has the authority to try a person without such an indictment. Knowing that these proceedings have not occurred in the plaintiff's criminal case, the defendants have refused to disclose those documents which demonstrate so. The prosecution failed to comply with the rules prescribed under the authority of Congress. In the [Acts of June 29th, 1950 ch, 445 18 USC (former) statute 687 and statute 3771] Congress detailed the proceedings in a criminal case - prior to and including a verdict.

13. Disclosure has not been made by the government to these documents essential to any criminal defense. It has the burden of proof, as indicated by the law maxim, "silence is equivalent to fraud." The documents requested and the subject thereof are delineated herein and are specific to each specific agency/branch of the United States government of which requests were sent to. These requested records stem from the plaintiff's "conviction," if it can be deemed such without the documents. He is a defendant-in-error without them.

14. The Plaintiff directs this court to make a finding of fact and law to establish whether the government even had probable cause to arrest him, subject-matter jurisdiction over him, an indictment which is facially "fair" standing upon the requirements of the Constitution's third article - based on the fact that these essential documents which supposedly support the claim to arrest, hold, convict, sentence, and imprison the plaintiff do not appear to exist. They do not appear to ever have existed; based on the court's docket and multiple outright ignored requests.

15. In [Gerstein v. Pugh, 420 US 103 (1975)] the Supreme Court rejected the contention, "[t] that prosecutor's decision to file an information is itself a determination of probable cause that furnishes sufficient reason to detain a defendant pending trial." They elaborated that, "Although a conscientious decision that the evidence warrants prosecution affords a measure of protection against unfounded detention, we do not think prosecutorial judgment standing alone meets the requirements of the Fourth Amendment. Indeed, we think the Court's previous decisions compel disapproval of [such a] procedure." Being held without due process is itself a due-process violation which fundamentally invalidates all subsequent proceedings.

16. [Albrecht v. United States, 273 US 1, 5, 47 S. Ct. 250, 251, 71 L. Ed. 505 (1927)] held that an arrest warrant issued solely upon a United States Attorney's information was invalid because the accompanying affidavits were fundamentally defective. Therefore, an arrest based on such documentation is invalid, unlawful, and illegal under the Fourth Amendment [Ex Parte United States, 287 US 241, 250 (1931)]. A properly constituted jury must determine probable cause and an indictment must be returned in open court, otherwise it is "unfair upon its face." Therefore, the plaintiff is entitled to receive his materials.

17. The Executive Office for the United States Attorney claims that there was an indictment, however, they do not provide evidence that there was any Criminal Complaint or Sworn Affidavit made by the arresting officer and presented before a grand jury. Most of the requested documents are either undisclosed or heavily redacted, seeming to indicate that proper procedures were never instituted. There is no indication that facts were presented before a grand jury for them to ever produce an actual indictment.

VII . LEGAL CLAIM STATEMENT

18. Plaintiff seeks disclosure of these documents or a thorough investigation as to how it is possible to obtain an indictment, or an arrest warrant, without the essential due-process proceedings necessary to meet the basic standards of all "free" nations. It does not seem that an actual criminal complaint, magistrate complaint, or sworn affidavit was ever filed prior to capturing the

plaintiff. It is strange that finalizing signatures, which make documents reach the status of "true bill," are not present on the Return of the Judgment and Commitment Order, indictment, and other important documents. The plaintiff still seeks a lawful mittimus.

19. The plaintiff asserts that these documents simply do not exist or exist in a form inconsistent with the laws derived from the constitution. He is being held unlawfully. The documents which do exist are essentially forged to illegally incarcerate him in the Bureau of Prisons and are a direct result of vindictive prosecution. [18 USC section 1623(e)] and [18 USC section 3621(c)] have been blatantly violated in this case, and those of many others'. The procedures used to put the plaintiff in prison were not constitutional and violated [28 USC section 2071(b)] as the District court totally lacked subject-matter jurisdiction.

20. The [Presidential Executive Order Memorandum 74 Fed. Reg. 4683 signed on January 21st, 2009] issued by Barrack Obama indicates that the government must disclose this information. If it is non-existent, the court must act accordingly and issue a declaratory order to release the defendant. [Frank v. Delaware, 438 US 154, 165 (1978)] holds that statements that are knowingly false or that exhibit a reckless disregard for the truth must not be used by the Magistrate to determine probable cause. The Plaintiff contends that the United States District Court never had lawful jurisdiction over his person, being, interests, life, liberty, or property, as there were never those documents essential for a valid criminal prosecution as required by the [Rules of Federal Criminal Procedure].

21. A Federal criminal prosecution begins with an affidavit of criminal complaint which is then brought before a grand jury. The grand jury convenes and must concur upon findings of criminal activity for an indictment to reach the status of "true bill." United States courts do not have subject-matter jurisdiction to try a person without that process. These processes were instituted by the architects of the constitution so as to protect the masses from partial or vindictive prosecution by an official elite. Whatever verdicts are issued in total disregard of those laws are essential nullities and must be expunged without day. Without the oath of affirmation, a Complaint, which is presumed to specify the key elements of a crime, is null and void. Until those threshold requirements are met, it is not in pursuit of liberty or justice if a person is detained.

22. It is evident that there was an absence of probable cause in the preponderant criminal proceedings. The plaintiff requests a review of this matter to determine whether these documents ever existed. Federal prisoners may obtain transcripts and other documents pursuant to the [Court Reporter Act, 28 USC section 753(f)]. The claims raised herein meet the clear standard of being meritorious and and require the documents to be decided. The plaintiff is financially incapable of procuring these documents and is in need of them in order to establish the level of injustice perpetrated.

VIII . CERTIFICATE of SERVICE and CLOSING

Addressed for Service of Process:

Donald Trump
Executive Office of the President of the United States
1600 Pennsylvania Ave., NW.
Washington, DC 20510

William Barr
United States Dept. of Justice
950 Pennsylvania Ave., NW.
Washington, DC 20530-0001

Susan B. Gerson
Office of the US Attorneys
FOIA/Privacy Unit
Department of Justice
600 E. St., NW.
Room 7300
Washington, DC 20530-0001

Associate Director
Office of Information Policy
1425 NY Ave., NW.
Suite 11050
Washington, DC 20530-0001


David Harlow
United States Marshals' Service
H. Carl Moultrie Courthouse
500 Indiana Ave., NW.
Room C-520
Washington, DC 20001

William Bordley
United States Marshals' Service
FOIA/PA, CS 7, 10th Fl.
2604 Jefferson Davis Highway
Alexandria, VA 22301

Director of the Bureau of Prisons
Central Office
First St., NW
Washington, DC 20534

EXHIBIT - REFERENCE CASES

The court dockets and subsequent materials to the following cases are presented to demonstrate how endemic these due-process failures are to the current criminal system. They span various districts across the nation. Each case, however, is unique and presents its' own serious issues that fundamentally return to subject-matter jurisdiction over-reach due to "short-cuts" taken by prosecutors. Those "short-cuts" circumvent constitutional law.

a) _____
    _____ District of _____
    \_\_:\_\_-CR-_____-\_\_\_-\_\_

This is an example of criminal procedure done correctly. The court's docket mentions all of the required hearings and all documents are signed. When requested by the defendant in this case, he was quickly furnished with a copy of all requested materials. (No totally correctly processed case has been located as of this time.)

b) Najeem Moore
Eastern District of Wisconsin
2:13-CR-00084-LA-1

Moore was indicted then prosecuted later on a second, superseding, indictment. The court then accepted a waiver of indictment, suggesting that the initial indictment used to incarcerate the defendant was known to be invalid.

c) Dennis Goggel
Southern District of New York
1:13-CR-00521-L75

An international citizen arrested in Kenya, Africa, without a criminal complaint, indictment, or even information. He was extradited to the United States and sentenced under its' penal code without being afforded any of its' rights.

d) Roy Hale
Southern District of New York
1:92-CR-00091-RJD

Hale was prosecuted on a superseding indictment missing signatures by both the United States Attorney and the grand jury foreman. Despite prodding the court, it has been unable to demonstrate that any grand jury hearing ever occurred or that an United States Attorney validated the indictment. The government refuses to disclose the documents and continues to file frivolous, illegal, dismissals.

e) Ali Shukri Amin
Eastern District of Virginia
1:15-CR-00164-CMH-1

Arrested on a "search and seizure" without a criminal complaint, indictment, or information; as a legal juvenile. He was held for over one-hundred days under torturous conditions. The prosecution then presented information to the courts, without his consensual waiver of indictment, only after a guilty plea. The government refuses to issue a warrant of arrest or any of these other documents.

f) Munir Abdulkader
Southern District of Ohio

A victim of entrapment, held in custody for over thirty-four months before being arraigned on any criminal complaint. He was arrested without an arrest warrant, which was filed and returned served the next day. His counsel filed ten waivers in collusion with the prosecution. Kept in solitary confinement under communication restrictions for almost the entire period during which the major decisions regarding his criminal case were made, without his consent. The government refuses to acknowledge his

requests for documentation.

g) Daniel Boyd
North Carolina
5:09-CR-00216-FL

Arrested on an indictment and put into solitary confinement for over two years. He was prosecuted and convicted on a second, superseding indictment, which was never presented to a grand jury. The signature is redacted on the only indictment received by the courts, which was dropped and has no significance. The government refuses to disclose the pertinent documents.

h) James O. Johnson
District of Maryland
8:09-CR-00085-DKC

Arrested without a criminal complaint, which was filed after his arrest. Held in custody on false-pretense indictments filed as information, then the court filed a waiver of indictment much later.

I, Munir AbdulKader, hereby certify that the forgoing is a truly served copy. It must be deemed filed at the time delivered to prison authorities for forwarding to the court [Houston v. Lack, 101 L. Ed. 2d 245 (1988)], upon the court and parties to litigation. This was accomplished by placing the same in a sealed, postage paid, envelope, then depositing it in the United States Postal Mail at the facility designated below.

By signing below, I certify that: this complaint complies with the requirements of the [Federal Rules of Court Procedure 11]. To the best of my knowledge and information, I certify that this complaint is not being presented for any improper purpose, such as: harassment, causing unnecessary delay, or needlessly increasing the cost of litigation. I certify that it is supported by meritorious arguments of law and that the factual contentions presented have evidentiary support, or, if found to be deficient, will likely be identified to have evidentiary support after reasonable opportunity for investigation.

I declare under penalty of perjury that the forgoing is true and correct.

Signed on 7/10/2019

x _____, Pro Se

Name: Munir AbdulKader
Inmate ID # 73031-061
(FCI) or USP (Circled) ALLENWOOD
PO Box 2000
White Deer, PA 17887

#justice4all