## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____
                                        )
MUNIR ABDULKADER,                       )
                                        )
                Plaintiff,              )
                                        )
        v.                              )        Civil Action No. 19-2199 (ABJ)
                                        )
DONALD TRUMP et al.,                    )
                                        )
                Defendants.             )
_____)
```

### MEMORANDUM OPINION

In this action brought *pro se*, plaintiff, a federal prisoner, seeks documents from his criminal case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Defendants, all individuals, have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or for summary judgment under Rule 56. [Dkt. # 17].  The Court finds that the complaint neither names a proper FOIA defendant nor states a viable claim, and that jurisdiction is lacking over any purported habeas claim.  So it will grant defendants' motion to dismiss for the reasons explained more fully below.

### BACKGROUND

On December 13, 2016, plaintiff was convicted in the U.S. District Court for the Southern District of Ohio after he pled guilty to attempting to kill government employees; possessing a firearm in furtherance of a crime of violence; and attempting material support to a foreign terrorist organization.  He is serving a prison sentence totaling 240 months.  *See United States v. Abdulkader*, No. 1:16-cr-019, 2019 WL 6351257, at *1 (S.D. Ohio Nov. 27, 2019) (denying post-conviction relief under 28 U.S.C. § 2255).

On April 25, 2019, plaintiff requested from the Clerk of the sentencing court "particular documents relevant to his criminal prosecution and defense," including indictments, arrest warrants, the court docket sheet, and a certified copy of the plea agreement.  Compl. Ex. [Dkt # 1-1 at 1].  He also filed a "Motion for Disclosure of: Grand Jury Transcripts, Ballot, or Record for Inspection; Indictment; and Criminal Complaint," [Dkt. # 1-1 at 5], which was denied during the section 2255 proceedings.  *See Abdulkader*, 2019 WL 6351257, at *6.

In a FOIA/PA form signed and dated June 7, 2019, but addressed to no particular agency, plaintiff requested "grand jury transcripts; indictments for criminal no.; warrant of arrest; grand jury ballot or record for inspection; criminal complaint; and certificate of concurrence."  Compl. Ex. [Dkt. # 1-1 at 3].  On July 18, 2019, plaintiff filed this civil action against President Donald Trump, Attorney General William Barr, and several current or former high-level officials of the Executive Office for United States Attorneys and the United States Marshals Service.  Plaintiff asserts that

> he is actually innocent and is being denied access to records and information requested. That information requested has not been authentically declared legally exempt from disclosure by law.  He brings this suit pursuant to Title 5 USC section 552(a)(4)(8) and 552(a)(6)(C)(i) and the Presidential Executive Order/Memorandum 7 Fed. Reg. 4683, signed on January 21, 2009 ["Freedom of Information Act"].

Compl. ¶ 2.


## LEGAL STANDARD

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.' "  *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir.

1979) (citations omitted).   Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*., quoting *Twombly*, 550 U.S. at 556.  A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id*., quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*., citing *Twombly*, 550 U.S. at 555.

In ruling upon a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch*., 117 F.3d 621, 624-25 (D.C. Cir. 1997).  Where the action is brought by a *pro se* plaintiff, a court has an obligation to consider "all of [his] filings together" before dismissing the complaint, *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

With respect to a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  *See Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibly Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002).  Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with examination of our jurisdiction.").  Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'"  *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint."  *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986),*vacated on other grounds*, 482 U.S. 64 (1987).  Rather, a court "may consider such materials outside the pleadings as it deems appropriate to resolve the question of whether it has jurisdiction to hear the case."  *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1993); *see also Jerome Stevens Pharms.*, *Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## ANALYSIS

### A.  Subject Matter Jurisdiction

Plaintiff's allegations conflate "two [distinct] information-gathering regimes," one of which has jurisdictional implications.  *Stonehill v. I.R.S.*, 558 F.3d 534, 539 (D.C. Cir. 2009); *see id*. at 538 (differentiating "information disclosed during discovery [that] is limited to the parties"

from a document "disclosed under FOIA . . . to the general public").  Defendants argue that any claim predicated on the validity of plaintiff's convictions, *see* Compl. ¶¶ 2, 10, 14-22, is the province of habeas corpus over which this court lacks jurisdiction.  Mem. at 3-4.  The Court agrees and thus dismisses any such claims under Rule 12(b)(1).  *See Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (noting "the longstanding observation of the courts that § 2255 is ordinarily the sole remedy for a federal prisoner challenging the legality of his conviction or sentence"); 28 U.S.C. § 2255(a) (conferring jurisdiction exclusively in the sentencing court).

### B.  Failure to State a Claim

Plaintiff fares no better under the FOIA.  He alleges that the named defendants "are legally responsible for withholding documents necessary for any criminal defense," Compl. at 2, and that he "requested the documents twice (from the clerk of courts then FOIA), then filed a 'Motion for Disclosure' in his criminal case . . . to no avail, or even response."  Compl. ¶ 10.  But the FOIA "only authorizes suits against certain executive branch 'agencies,' not individuals," *Flaherty v. IRS*, 468 Fed. App'x 8, 9 (D.C. Cir. 2012) (per curiam), citing 5 U.S.C. § 552(f)(1); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006),  and it "adopts the definition of agency contained in 5 U.S.C. § 551(a)(1)(b), which specifically excludes from its coverage 'the courts of the United States.'"  *Maydak v. U.S. Dep't of Justice*, 254 F. Supp. 2d 23, 40 (D.D.C. 2003) (citing 5 U.S.C. § 552(f)).

Apart from suing the wrong defendants, plaintiff has not alleged facts from which the Court can find or reasonably infer that any federal agency has received a proper FOIA request, much less improperly withheld records in response.  *See McGehee v. CIA*., 697 F.2d 1095, 1105 (D.C. Cir. 1983) (FOIA jurisdiction "is dependent upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records") (citation and internal quotation marks omitted)).  To trigger an

agency's disclosure obligations under FOIA, the request must be "made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A).

Plaintiff does not state in the complaint when and where he submitted a FOIA request, and the form FOIA/PA request attached to the complaint is directed at no particular office, contains no mailing address, and has all of the boxes for designating an agency or agency component unchecked. In a section marked "other," plaintiff wrote "court documents, various, including DOJ." But that cryptic reference is hardly sufficient under Department of Justice regulations to prompt a response. DOJ has a "decentralized system for responding to FOIA requests." 28 C.F.R. § 16.3(a). Therefore, DOJ regulations state that "a requester should write directly to the FOIA office of the component that maintains the records being sought," which may be identified through the "Department's FOIA Reference Guide[.]" 28 C.F.R. § 16.3(a)(1). If the precise location of the records is unknown, the regulations provide for sending the request "to the FOIA/PA Mail Referral Unit, Justice Management Division, Department of Justice, 950 Pennsylvania Avenue NW., Washington, DC 20530–0001, or via email to MRUFOIA.Requests@usdoj.gov, or via fax to (202) 616–6695." 28 C.F.R. § 16.3(a)(2). "The Mail Referral Unit will [then] forward the request to the component(s) that it determines to be most likely to maintain the records that are sought." *Id*.

In response to defendants' motion, plaintiff claims that he "sent a FOIA request form . . . to the office of the Director of the FOIA" at "111 Massachusetts Avenue North-West" in Washington, D.C. Mot. to Strike Defs.' Mot. at 3 ("Opp'n") [Dkt. # 19]. That address is not listed in DOJ's FOIA regulations, and a central "office of the Director of the FOIA" would be inconsistent with DOJ's "decentralized system." 28 C.F.R. § 16.3(a). Nevertheless, plaintiff

suggests that he submitted an unacknowledged request to U.S. Citizenship and Immigration Services ("USCIS"), *see* Opp'n at 3, and he posits that any request to USCIS "was a sufficient service upon all other offices of FOIA as the FOIA Director was to forward his request to all departments which may have had information pertaining to his request." *Id.* at 17.

But plaintiff's suggestion is incorrect.  USCIS is a component of the Department of Homeland Security, not the Department of Justice, and neither that agency nor its component is a defendant in this action.  FOIA requires "each agency" to "separately state and currently publish in the Federal Register for the guidance of the public" its own rules and procedures for handling FOIA requests.  5 U.S.C. § 552(a)(1).  And as indicated above, a FOIA requester must follow the regulations of the agency from which records are sought.  So plaintiff, having shown no compliance with DOJ's regulations, has not "nudged" his FOIA claim "across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570.

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss.  A separate Order accompanies this Memorandum Opinion.

AMY BERMAN JACKSON
United States District Judge

DATE: August 6, 2020